STEWART L. WEISMAN, ESQ.
Attorney for Debtor
4199 East Genesee St.
Syracuse, NY 13214

AMY QUANDT, ESQ.
Trial Attorney, Office of U.S. Trustee
10 Broad Street
Utica, NY 13501

EDWARD Y. CROSSMORE, ESQ.
Attorney for Ms. Sichel-Truitt
115 West Green Street
Ithaca, New York 14850

RICHARD P. RUSWICK, ESQ.
Attorney for John N. Roscoe
401 E. State Street, Suite 306
Ithaca, NY 14850

RE:     TRICYCLE ENTERPRISES, INC.
        CASE NO. 06-30096

## LETTER DECISION AND ORDER

The Debtor has filed a Motion for an Order Approving Employment of Special Counsel for Debtor ("Employment Motion"). The Employment Motion appeared on this Court's calendar in Syracuse, N.Y., on March 6, 2007. Opposition to the Employment Motion was filed by John N. Roscoe ("Roscoe") and Andree Petroleum, alleged creditors of the Debtor. After hearing oral argument, the Court granted the motion to the extent of appointing Special Counsel, Edward Y. Crossmore, Esq. ("Crossmore"), to represent the Debtor, going forward, to the extent of an appeal pending in the state court but reserved on that portion of the Employment Motion which seeks to

2

appoint Crossmore *nunc pro tunc* to May 3, 2006, the date on which he commenced a trial in state court, leading to the judgment which is the subject of the pending appeal.

The Court has core jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334,157(a)(b)(1) and (b)(2)(A).

Pursuant to this Court's Memorandum-Decision, Findings of Fact, Conclusions of Law and Order dated March 29, 2006 ("March 2006 Order"), this Court modified the automatic stay imposed pursuant to § 362(a) of the Bankruptcy Code (11 U.S.C. §§ 101-1330) ("Code") to enable an action then pending in state court in which Linda Sichel-Truitt ("Truitt") had sued Roscoe, the Debtor, and Cayuga Millwork, Inc. ("Cayuga") to proceed to trial . Truitt and Roscoe, once husband and wife, were formerly the principals of the Debtor, and the state court lawsuit sought, *inter alia*, the imposition of a constructive trust on the assets of Cayuga and a finding that Roscoe had violated his fiduciary duty to the Debtor. While the Debtor was a defendant in the state court action, it was only nominally so, and Truitt was represented in that action by Crossmore. The bench trial of the state court action began on or about May 3, 2006, and concluded with the entry of a judgment on September 30, 2006, against Roscoe in the sum of $188,470.02 and the imposition of a constructive trust against the assets of Cayuga in a like amount.[1]

Crossmore now seeks to be appointed *nunc pro tunc* to May 3, 2006, presumably on the theory that that was the date on which he began providing legal services to the Debtor, albeit indirectly, by commencing the state court action on behalf of Truitt, as the named plaintiff, which resulted in a significant benefit to the Chapter 11 estate. The only explanation Crossmore offers for

---

[1] In its March 2006 Order, this Court directed that any recovery by Truitt in the state court action would constitute property of the Debtor's estate.

3

his failure to seek appointment at an earlier time is found in paragraph 9 of his Affidavit in support of the motion, sworn to on December 12, 2006. He asserts "Ms. Sichel (Truitt) had undertaken to pay your deponent those fees. However prior to the commencement of the state court trial Ms. Sichel (Truitt) became unemployed, and she has not been financially in a position to pay the fees incurred for your deponent's legal representation of Tricycle Enterprises in the state court action."

The only issue remaining before this Court is the *nunc pro tunc* nature of the appointment that Crossmore seeks, since the Court has already resolved any objections to his appointment pursuant Code § 327(e) by appointing him as special counsel to the Debtor with regard to future matters, specifically, the representation of the Debtor in connection with the enforcement of the state court judgment. *See* Order of the Court dated March 13, 2007. With regard to Crossmore's explanation as to why he did not seek an earlier appointment, Roscoe points out that Crossmore knew in advance of the trial in state court that Truitt was unemployed, and that he should not be allowed to obtain *nunc pro tunc* appointment thereby diverting monies that would otherwise be paid to creditors to the payment of his fees. The only other opposition to Crossmore's appointment came by way of a letter to the Court from Robert Andree, president of Andree Petroleum, allegedly a creditor in this case. Andree did not appear on the return date of the motion.

The leading case in this Circuit on the issue of *nunc pro tunc* appointment of professionals in a Chapter 11 case is *In re Keren Ltd. Partnership,* 189 F.3d 86 (2d. Cir. 1999). There the Circuit Court affirmed the bankruptcy court and the district court's refusal to appoint a real estate brokerage firm *nunc pro tunc*. While the opinion of the Circuit Court focused primarily on whether the brokerage firm could claim an administrative expense under Code § 503(b), it adopted the conclusions of both of the lower courts as regards *nunc pro tunc* approval of the appointment of the

4

firm, "for substantially the reasons stated by the district court." *Id* at 88.

The district court in *Keren Ltd. Partnership* in affirming the bankruptcy court, observed that, "[a] number of courts have found that a bankruptcy court may grant post facto approval of an application for the retention of a professional where: 1) the employment satisfies the statutory requirements, and 2) the delay in seeking statutory approval resulted from extraordinary circumstances." (citations omitted). *In re Keren Ltd. Partnership,* 225 B.R. 303, 306 (S.D.N.Y. 1998). The district court noted that the broker in question, Cushman & Wakefield of Connecticut, Inc ("C&W") "was a sophisticated party who was aware of the bankruptcy payment priorities and procedures despite any assurances from the Debtor." *Id.* at 307. The district court concluded that C&W had not proffered any extraordinary circumstances for its failure to obtain timely appointment and the bankruptcy court did not abuse its discretion in denying *nunc pro tunc* appointment. *Id.* The district court also rejected C&W's assertion that it was, nevertheless, entitled to an administrative expense because its actions conferred a substantial benefit on the debtor's estate pursuant to a pre-petition contract with the debtor that was not assumed post-petition. *Id.* at 308.

Applying the rationale of *Keren Ltd. Partnership* to the facts of this case leads the Court to the inescapable conclusion that Crossmore is not entitled to *nunc pro tunc* appointment. While there is little doubt that Crossmore would have been appointed special counsel to the Debtor for purposes of trying the state court action against Roscoe, he fails to provide this Court with any extraordinary circumstances as to why he failed to seek appointment prior to commencing the trial in state court. His only justification is that his client, Truitt, who had agreed to pay his fees, lost her employment prior to the commencement of the trial and was unable to pay him. Crossmore, much like C&W, is a sophisticated party having a significant bankruptcy practice and experience. Rather than seek

5

special counsel status at the outset, he apparently chose to look to Truitt for payment of his fees. Truitt's current inability to pay those fees can hardly be described as an extraordinary circumstance.

Based upon the forgoing, it is

ORDERED, that the Debtor's application to appoint Edward Crossmore, Esq. as special counsel to the Debtor *nunc pro tunc* to May 3, 2006, is denied.

Dated at Utica, New York

this 21st day of June 2007

/s/   Hon. Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge